UNITED STATES DISTRICT COURT
Eastern District of Texas
Beaumont Division

| | | |
|---|---|---|
| DOUGLAS HARRIS, Individually and On Behalf of All Others Similarly Situated,<br><br>*Plaintiff*,<br><br>v.<br><br>CLEAN HARBORS INDUSTRIAL SERVICES, INC.,<br><br>*Defendant*. | § § § § § § § § § § § § § § | No. _____ |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff Douglas Harris (referred to as "Plaintiff" or "Harris") bringing this lawsuit on behalf of himself and all other similarly situated employees to recover unpaid wages from Defendant Clean Harbors Industrial Services, Inc. (referred to as "Defendant" or "Clean Harbors"). In support thereof, he would respectfully show the Court as follows:

### I. Nature of Suit

1. Harris's claims arise under the California Labor Code.

2. The California Labor Code promotes and develops the welfare of California wage earners by improving their working conditions and advancing their opportunities for profitable employment.

3. Clean Harbors violated the California Labor Code by employing Harris and other similarly situated nonexempt employees and not paying them overtime at one and one-half times their regular rates of pay (1) when they worked more than eight hours in a day and (2) for the first eight hours of work on the seventh day of the workweek.  Cal. Lab. Code §§ 510, 1194, 1198.

4. Clean Harbors violated the California Labor Code by employing Harris and other similarly situated nonexempt employees and not paying them overtime at two times their regular rates of pay for hours worked in excess of eight hours on the seventh day of the workweek.  Cal. Lab. Code §§ 510, 1194, 1198.

5. Clean Harbors violated the California Labor Code by employing Harris and other similarly situated nonexempt employees and failing to furnish them with accurate, itemized wage statements that include the following nine pieces of information: (1) gross wages earned; (2) total hours worked by the employee; (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis; (4) all deductions, provided, however, that all deductions made on written order of the employee may be aggregated and shown as one item; (5) net wages

earned; (6) the inclusive dates for the period for which the employee is paid; (7) the name of the employee and the last four digits of his or her Social security number (or an employee identification number other than a Social Security number; (8) the name and address of the legal entity that is the employer and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. Cal. Lab. Code § 226(a).

6. Harris brings this class action under Fed. R. Civ. P. 23 on behalf of himself and all other similarly situated employees (defined below) to recover unpaid overtime compensation and related penalties and damages under the California Labor Code.

## II. Jurisdiction & Venue

7. This Court has jurisdiction of this action under 28 U.S.C. § 1331 because Harris and Clean Harbors are citizens of different states and the matter in controversy exceeds $75,000, exclusive of interests and costs.

8. Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b)(1) because Clean Harbors resides in the Beaumont Division of the Eastern District of Texas.

## III.  Parties

9. Douglas Harris is an individual who resides in Jefferson County, Texas and who was employed by Clean Harbors during the last three years.

10. Clean Harbors Industrial Services, Inc. is a Delaware corporation that may be served with process by serving its registered agent:

> CT Corporation System
> 1999 Bryan Street, Suite 900
> Dallas, Texas 75201-3136

Alternatively, if the registered agent of Clean Harbors Industrial Services, Inc. cannot with reasonable diligence be found at the company's registered office, Clean Harbors Industrial Services, Inc. may be served with process by serving the Texas Secretary of State pursuant to Tex. Bus. Org. Code § 5.251 and Tex. Civ. Prac. & Rem. Code § 17.026.

11. Whenever it is alleged that Clean Harbors committed any act or omission, it is meant that the company's officers, directors, vice-principals, agents, servants or employees committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Clean Harbors or was done in the routine and normal course and scope of employment of Clean Harbors officers, directors, vice-principals, agents, servants or employees.

## IV. Facts

12. According to its website, Clean Harbors provides environmental, energy and industrial services, including hazardous waste disposal, to customers throughout North America and Mexico. *See generally*, Clean Harbors—About Us, https://www.cleanharbors.com/about-us (last visited Apr. 3, 2019).

13. Clean Harbors does business in the territorial jurisdiction of this Court; it maintains offices in Beaumont, Texas and Port Arthur, Texas.

14. Clean Harbors employed Harris as a vacuum truck driver during the last three years.

15. During Harris's employment with Clean Harbors, he worked in California.

16. Clean Harbors paid Harris on an hourly basis.

17. During Harris's employment with Clean Harbors, he regularly worked in excess of eight hours per day for seven consecutive days.

18. Clean Harbors knew or reasonably should have known that Harris worked in excess of eight hours per day for seven consecutive days.

19. Clean Harbors did not pay Harris overtime as required by the California Labor Code (1) for the hours he worked in excess of eight per day at one and one-half times his regular rate of pay; (2) for the first eight hours of work on the seventh day of

the workweek at one and one-half times his regular rate of pay and (3) for hours worked in excess of eight hours on the seventh day of the workweek at two times his regular rate of pay.  Cal. Lab. Code §§ 510, 1194, 1198.

20. Instead, Clean Harbors paid Harris at his straight time rate for those hours.

21. In other words, Clean Harbors paid Harris at less than one and one-half times his regular rate of pay (1) when he worked more than eight hours in a day and (2) for the first eight hours of work on the seventh day of the workweek; it also paid Harris at less than two times his regular rate of pay for hours worked in excess of eight hours on the seventh day of the workweek.

22. Clean Harbors knew or reasonably should have known that Harris was not exempt from the overtime requirements of the California Labor Code.

23. Clean Harbors failed to furnish Harris with accurate, itemized wage statements that include the following nine pieces of information: (1) gross wages earned; (2) total hours worked by the employee; (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis; (4) all deductions, provided, however, that all deductions made on written order of the employee may be aggregated and shown as one item; (5) net wages earned; (6) the inclusive dates for the period for which the employee is paid; (7) the name of the employee and the last four

digits of his or her Social security number (or an employee identification number other than a Social Security number; (8) the name and address of the legal entity that is the employer and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

24. Clean Harbors knew or showed a reckless disregard for whether its pay practices violated the California Labor Code.

25. Clean Harbors is liable to Harris for his unpaid overtime wages, related damages and penalties, and attorneys' fees and costs pursuant to the California Labor Code.

26. All vacuum truck drivers employed by Clean Harbors are similarly situated to Harris because they (1) have similar job duties; (2) regularly work in excess eight hours per day and/or for seven consecutive days; (3) are not paid overtime for the hours they worked in excess eight hours per day and/or on the seventh consecutive day by the California Labor Code and (4) are entitled to recover their unpaid overtime wages, related damages and penalties, and attorneys' fees and costs from Clean Harbors pursuant to the California Labor Code.

## V. Count One—
## Failure to Pay Overtime After Eight Hours in a Day
## in Violation of Cal. Lab. Code §§ 510, 1194, 1198

27. Harris adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

28. During Harris's employment with Clean Harbors, he was a nonexempt employee.

29. As a nonexempt employee, Clean Harbors was legally obligated to pay Harris "at the rate of no less than one and one-half times the regular rate of pay[]" for the hours that he worked over eight in a day. Cal. Lab. Code § 510.

30. Clean Harbors failed to pay Harris for the hours he worked over eight in a day at one and one-half times his regular rate.

31. Instead, Clean Harbors paid Harris at his normal hourly rate (i.e., his straight-time rate).

32. If Clean Harbors classified Harris as exempt from the overtime requirements of the California Labor Code, he was misclassified because no exemption excuses the company's noncompliance with the overtime requirements of the California Labor Code.

33. Clean Harbors knew or showed a reckless disregard for whether its pay practices violated the overtime requirements of the California Labor Code; in other

words, Clean Harbors willfully violated the overtime requirements of the California Labor Code.

### VI. Count Two—
### Failure to Pay Overtime for the First Eight Hours of the Seventh Day in Violation of Cal. Lab. Code §§ 510, 1194, 1198

34. Harris adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

35. During Harris's employment with Clean Harbors, he was a nonexempt employee.

36. As a nonexempt employee, Clean Harbors was legally obligated to pay Harris "at the rate of no less than one and one-half times the regular rate of pay[]" for the first eight hours of work on the seventh day of the workweek. Cal. Lab. Code § 510.

37. Clean Harbors failed to pay Harris for the first eight hours of work on the seventh day of the workweek at one and one-half times his regular rate.

38. Instead, Clean Harbors paid Harris at his normal hourly rate (i.e., his straight-time rate).

39. If Clean Harbors classified Harris as exempt from the overtime requirements of the California Labor Code, he was misclassified because no exemption

excuses the company's noncompliance with the overtime requirements of the California Labor Code.

40. Clean Harbors knew or showed a reckless disregard for whether its pay practices violated the overtime requirements of the California Labor Code; in other words, Clean Harbors willfully violated the overtime requirements of the California Labor Code.

## VII. Count Three—
### Failure to Pay Overtime for Hours in Excess of Eight of the Seventh Day in Violation of Cal. Lab. Code §§ 510, 1194, 1198

41. Harris adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

42. During Harris's employment with Clean Harbors, he was a nonexempt employee.

43. As a nonexempt employee, Clean Harbors was legally obligated to pay Harris "at the rate of no less than twice the regular rate of pay" for hours worked in excess of eight hours on the seventh day of the workweek. Cal. Lab. Code § 510.

44. Clean Harbors failed to pay Harris for hours worked in excess of eight hours on the seventh day of the workweek at two times his regular rate.

45. Instead, Clean Harbors paid Harris at his normal hourly rate (i.e., his straight-time rate).

46. If Clean Harbors classified Harris as exempt from the overtime requirements of the California Labor Code, he was misclassified because no exemption excuses the company's noncompliance with the overtime requirements of the California Labor Code.

47. Clean Harbors knew or showed a reckless disregard for whether its pay practices violated the overtime requirements of the California Labor Code; in other words, Clean Harbors willfully violated the overtime requirements of the California Labor Code.

## VIII. Count Four—
### Failure to Provide Accurate, Itemized Wage Statements
### in Violation of Cal. Lab. Code § 226(a)

48. Harris adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

49. The California Labor Code requires employers to provide accurate, itemized wage statements that include the following nine pieces of information: (1) gross wages earned; (2) total hours worked by the employee; (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis; (4) all deductions, provided, however, that all deductions made on written order of the employee may be aggregated and shown as one item; (5) net wages earned; (6) the inclusive dates for the period for which the employee is paid; (7) the name of the

employee and the last four digits of his or her Social security number (or an employee identification number other than a Social Security number; (8) the name and address of the legal entity that is the employer and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.  Cal. Lab. Code § 226(a).

50. Clean Harbor did not provide Harris with a complete accurate, itemized wage statement.

51. Harris's wage statement did not include, for example, the correct gross wages earned by Harris or the correct amount of overtime hours worked by Harris.

52. As a result, Harris has suffered injury and damages to their statutorily protected rights.

53. Specifically, Harris has been injured by Clean Harbors's intentional violation of California Labor Code § 226(a) because he was denied his right to receive and his interest in receiving accurate, itemized wage statements.

54. Harris was also injured as a result of having to bring this action to attempt to obtain correct wage information following Clean Harbors's refusal to comply with the mandates of the California Labor Code and related laws and regulations.

55. Harris was also injured because his wage statements made it all but impossible to calculate actual wages owed for all overtime wages worked.

56. Harris is entitled to recover from Clean Harbors the greater of his actual damages caused by the company's failure to comply with the California Labor Code or an aggregate penalty not exceeding $4,000.

57. Harris is also entitled to injunctive relief to ensure compliance with California Labor Code § 226(a).

## IX. Count Five—
### Class Action Allegations Under Fed. R. Civ. P. 23 for Violations of the California Labor Code

58. Harris adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

59. Harris brings Count One, Count Two, Count Three and Count Four against Clean Harbors under Fed. R. Civ. P. 23 on behalf of the following class of persons:

> All vacuum truck drivers employed by Clean Harbors in the State of California during the last three years (referred to as the "California Class").

60. The claims of the California Class, if certified for class-wide treatment, will be pursued by all similarly situated persons who do not affirmatively opt-out of the classes.

61. The members of the California Class are so numerous that joinder of all members is impracticable; the exact number of putative class members is unknown at the present time but should be over one hundred.

62. There are numerous questions of law and fact common to the California Class, including (1) whether Clean Harbors's policies and practices described in this complaint are unlawful; (2) whether Clean Harbors failed to pay overtime premiums to members of the California Class; (3) whether Clean Harbors failed to provide accurate, itemized wage statements and (6) whether Clean Harbors willfully violated the law.

63. Harris's claims are typical of the claims of the California. Clean Harbors paid Harris and the California Class using the same unlawful practice(s). In other words, Harris's claims and the claims of the California Class arise out of a common course of conduct of Clean Harbors and are based on the same legal and remedial theories.

64. Harris will fairly and adequately protect the interests of the California Class and has retained competent and capable attorneys who are experienced trial lawyers with significant experience in complex employment litigation (including class actions, collective actions, and multidistrict litigation). Harris and his counsel are committed to prosecuting this action vigorously on behalf of the California Class and

have the financial resources to do so. Neither the Harris nor his counsel have interests that are contrary to or that conflict with those of the proposed class.

65. Class certification of the California Class is appropriate under Fed. R. Civ. P. 23 because questions of law and fact common to the putative class members predominate over any questions affecting only individual members of the class. Adjudication of these common issues in a single action has important and desirable advantages of judicial economy. Moreover, there are no unusual difficulties likely to be encountered in the management of this case as a class action.

66. The class action mechanism is superior to any alternatives that may exist for the fair and efficient adjudication of these claims. Proceeding as a class action would permit the large number of injured parties to prosecute their common claims in a single forum simultaneously, efficiently, and without unnecessary duplication of evidence, effort and judicial resources. A class action is the only practical way to avoid the potentially inconsistent results that numerous individual trials are likely to generate. Moreover, class treatment is the only realistic means by which the California Class can effectively litigate against a large, well-represented corporate defendant like Clean Harbors. In the absence of a class action, Clean Harbors would be unjustly enriched because the company would be able to retain the benefits and fruits of the numerous violations of law. Numerous individual actions would also place an enormous burden

on the courts as they will be forced to take duplicative evidence and decide the same issues relating to Clean Harbors conduct over and over again.

67. Clean Harbors has acted or refused to act on grounds generally applicable to the California Class, thereby making final injunctive relief or corresponding declaratory relief appropriate with respect to the class as a whole. Prosecution of separate actions by members of the California Class would create the risk of inconsistent or varying adjudications with respect to individual members of the California Class that would establish incompatible standards of conduct for Clean Harbors.

## X. Prayer

68. Harris on behalf of himself and the California Class under Fed. R. Civ. P. 23, prays for the following relief:

  a. an order certifying the California Class under Fed. R. Civ. P. 23 and appointing Harris as representative of the California Class;

  b. a service award for any class representative(s);

  c. an order appointing Moore & Associates as class counsel;

  d. a declaration that Clean Harbors is financially responsible for notifying all members of the California Class of its alleged violation of wage and hour laws;

  e. a declaration that Clean Harbors violated the California Labor Code;

  f. injunctive relief;

  g. judgment awarding Harris and the other vacuum truck drivers all unpaid overtime compensation, related damages and penalties, attorneys' fees and costs;

    h.  prejudgment interest at the applicable rate, if available;

    i.  postjudgment interest at the applicable rate, if available;

    j.  all such other and further relief to which Harris and the other vacuum truck drivers may show themselves to be justly entitled.

Respectfully Submitted,

MOORE & ASSOCIATES

By: _/s/ Melissa Moore_
Melissa Moore
State Bar No. 24013189
Federal Id. No. 25122
Curt Hesse
State Bar No. 24065414
Federal Id. No. 968465
Lyric Centre
440 Louisiana Street, Suite 675
Houston, Texas 77002
Telephone: (713) 222-6775
Facsimile: (713) 222-6739

**ATTORNEYS FOR PLAINTIFF DOUGLAS HARRIS**

Of Counsel:

Bridget Davidson
State Bar No. 24096858
Federal Id. No. 3005005
Moore & Associates
440 Louisiana Street, Suite 675
Houston, Texas 77002
Telephone: (713) 222-6775
Facsimile: (713) 222-6739